UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GIBSON, III | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | |
| JAMES WOOD | : | AUGUST 14, 2006 |

## **C O M P L A I N T**

    1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

    2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1332, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

    3. The plaintiff is an adult citizen of the United States who presently resides in the State of North Carolina.

    4. During all times mentioned in this action, the defendant was a Connecticut Parole Officer. He is sued only in his individual capacity.

    5. During all times mentioned in this Complaint, the defendant was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. On March 21, 2005, the plaintiff was a plaintiff in this court in Civil Action Number 3:02CV1592(WWE), a suit against two officials of the Connecticut Department of Correction.

7. On March 21, 2005, at the trial of the said action in a public courtroom in Bridgeport, Connecticut, before Hon. Warren W. Eginton and a jury, it was disclosed that the plaintiff had worked for the State of Connecticut as an informant against dangerous members of the Latin Kings gang and that, as a result of such employment, he was subjected to a brutal assault by a Latin Kings "hit man" who cut his throat and nearly killed him.

8. The details of the plaintiff's employment as an informer were thereafter published widely throughout the State of Connecticut and elsewhere.

9. As a result, the plaintiff received death threats which he reasonably believed emanated from the aforesaid Latin Kings gang.

10. At the time of his aforesaid testimony, and the publicity resulting therefrom, the plaintiff was a parolee in the custody and under the supervision of the defendant.

11. At that time, the defendant maintained an official State office in a dangerous neighborhood of Meriden, Connecticut, known to be frequented by dangerous members of the aforesaid Latin Kings gang.

12. As a result of all the foregoing, both the plaintiff and his attorney contacted the defendant and pleaded with him to waive his requirement that the plaintiff report to him at his aforesaid Meriden office, explaining that the plaintiff's life was gravely at risk should he enter that neighborhood.

13. Being fully aware of all the aforesaid facts, the defendant nevertheless ordered the plaintiff to report to his Meriden office in the evening hours of March 31, 2005.

14. Upon information and belief, the defendant was the only person other than the plaintiff himself who knew that the plaintiff had been instructed to report to the defendant's Meriden office on the evening of March 31, 2005.

15. When the plaintiff arrived in the vicinity of the defendant's said office on the evening of March 31, 2005, representatives of the Latin Kings gang were waiting for him.  They placed a gun to his head and stabbed him in the chest, fleeing the area and leaving the plaintiff for dead.

16. Miraculously, the plaintiff survived and was transported by emergency helicopter to Yale-New Haven Hospital in the City of New Haven, where he was hospitalized and treated for a long time.

17. The defendant, under color of law, ordered the plaintiff to report to his office in a dangerous neighborhood at night, knowing that a reasonably foreseeable consequence would be the plaintiff's murder.

18.  Upon information and belief, the defendant intentionally or recklessly caused members of the Latin Kings gang to learn that the plaintiff would be available at his office to be killed on the evening of March 31, 2005, knowing that as a result the plaintiff would likely be murdered.

19.  The conduct of the defendant described above is shocking to the conscience.

20.  In the manner described above, the defendant:

> A.   Deprived the plaintiff of substantive due process of law in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code;
>
> B.   Deprived the plaintiff of procedural due process of law in violation of the due process of law in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code;
>
> C.   Engaged in an unreasonable seizure of the plaintiff's person in violation of the due process of law in violation of the Fourth Amendment to the United States Constitution as enforced

through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, punitive damages, attorney fees and costs.

  ***The plaintiff claims trial by jury.***

                    THE PLAINTIFF


                    BY:_____
                         JOHN R. WILLIAMS (ct00215)
                         51 Elm Street
                         New Haven, CT 06510
                         203.562.9931
                         Fax:  203.776.9494
                         jrw@johnrwilliams.com
                         His Attorney